UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KEVIN RAZZOLI,

                     Petitioner,

            -against-

EXECUTIVE OFFICE US MARSHALS;
EXECUTIVE OFFICE FBI; EXECUTIVE
OFFICE BOP; WARDEN MDC BROOKLYN,
New York; US PAROLE OFFICER GEORGE
OLIVARES (SDNY); MARYJO WILLIAMS
(US Parole Analyst); KNOWN & UNKNOWN
STATE LAW ENFORCEMENT FOR NEW
YORK & N.J.; NEW YORK CITY BUREAU
OF INTEGRITY,

                     Respondents.
----------------------------------------------------------------X
KEVIN RAZZOLI,

                     Petitioner,

            -against-

UNITED STATES MARSHALS SERVICE,
S.D.N.Y.; UNITED STATES NAVY;
WARDEN DUKE TERRELL

                     Respondents.
----------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 3 0 2011 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
10-CV-4802 (CBA)

10-CV-4902 (CBA)

AMON, Chief United States District Judge:

      Petitioner Kevin Razzoli, who is currently incarcerated at the Metropolitan Detention Center ("MDC"), brought these *pro se* petitions pursuant to 28 U.S.C. § 2241 on October 18, 2010 and October 19, 2010. By Order dated December 20, 2010, the Court granted petitioner's requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and directed him to submit an amended petition. Petitioner filed an amended petition under docket number 10-CV-4802

(CBA).

## BACKGROUND

Petitioner has brought multiple civil actions in this Court related to his federal custody. See Razzoli v. U.S. Parole Comm'n, No. 10-CV-1842 (CBA), 2010 WL 4622178, at *1 (E.D.N.Y. Nov. 5, 2010)(summarizing plaintiff's litigation history). On August 22, 2010, he filed a civil rights action challenging the fact and conditions of his custody and alleging infringement of his right to free exercise of his religion. Razzoli, et al. v. Executive Office of US Marshals, et al., No. 10-CV-4269 (CBA). The free exercise claim remains pending in that case.

On October 18, 2011 and October 19, 2011 petitioner filed the above-captioned petitions pursuant to 28 U.S.C. § 2241, in which he appeared to challenge a prison incident report and his subsequent assignment to the special housing unit ("SHU"), among other claims. (Oct. 19 Pet. at 3; Oct. 18 Pet. at 2.)[1] The petitions did not describe the disciplinary procedures or identify any steps petitioner took to exhaust the administrative remedies available through the Bureau of Prisons. See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001) (prisoners must exhaust their administrative remedies prior to filing a petition for habeas relief, or else justify the failure to exhaust these remedies). Both petitions named the United States Marshals Service as a respondent; the October 19, 2011 petition also named the United States Navy and Warden Duke Terrell. By Order dated December 20, 2010, the Court directed petitioner to submit an amended petition to name the Warden and to provide more details about the proceedings he wished to challenge and the administrative remedies he had pursued.

---

[1] The Court refers to the page numbers assigned by the Electronic Case Filing System.

Petitioner filed an amended petition under docket number 10-CV-4802 (CBA). The amended petition is largely unintelligible. It names a series of new defendants whose roles are not properly identified. In response to the Court's Order, he alleges: "wittinesses [sic] was [ never ] presented & ADMIN REMEDIES WAS EZHAUSTED [sic], and " BOP NEVER RESPONDED TO BP10 nor BP 11 Challenge to such . . . ." (Amend. Pet. at 1).

The Amended Petition further alleges that "on September 26, 2010 THE MDC BROOKLYN [came] to cell #27 lower of Kevin Razzoli #39945-066 and took him to the SPECIAL HOUSING UNIT for 75 DAYS & DENIED HIM RIGHT TO CATHOLIC MASS as he still is today . . . ." (Amend. Pet. at 2.) He states that he "was sanctioned '75 DAYS IN SPECIAL HOUSING' denied visits since March 4, 2010, access to bussiness [sic] RAZ TRADING LLC, all seen as HUMAN RIGHTS VIOLATION . . . . Then denied to have acccess [sic] to STATEMENTS MADE BY 'GOV'T RAT' FBI/SIA RATS at MDC BROOKLYN & VIDEO CAMERA FOOTAGE of K-82 . . . ." (Amend. Pet. at 3.) Under the heading "SECOND AMENDMENT TO ORIGINAL COMPLAINT," he states that he is entitled to a military tribunal and a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978). (Amend. Pet. at 4.) Under the heading, "THIRD AMENDMENT TO ORIGINAL COMPLAINT," he states that he was illegally arrested, and that parole officers sought to cover up such arrests "by stating that he is 'NOT MENTALLY SOUND." (Amend. Pet. at 5.) Under the heading "FOURTH AMENDMENRT [sic] TO ORIGINAL COMPLAINT," he argues that the Court should recuse because of "ETHNIC PROFILING." (Amend. Pet. at 6.) He alleges that his rights under the Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendments are being violated by the named respondents.

## DISCUSSION

### A. Proper Respondents

As the Court previously explained, the proper respondent in a petition challenging prison conditions is the petitioner's custodian. Rumsfeld v. Padilla, 542 U.S. 426, 446-47 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."). The Amended Petition properly names the warden of the MDC, although not by name. The remaining respondents – various federal agencies, state and city agencies, and parole officers – do not currently have custody over petitioner and are not properly named as respondents in this petition. Accordingly, those additional respondents are dismissed. The Clerk of Court is directed to amend the caption to name only "Warden Duke Terrell" as a respondent.

### B. Proper Claims

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts (the "Habeas Rules"), made applicable to cases brought pursuant to § 2241 by Rule 1(b), requires a petitioner to, "(1) specify all the grounds for relief available to the petitioner; [and] (2) state the facts supporting each ground[.]" See also 28 U.S.C. § 2242 (an application for a writ of habeas corpus "shall allege the facts concerning the applicant's commitment or detention . . ."). Under Rule 4 of the Habeas Rules, a district court may summarily dismiss a petition where the allegations contained therein are "patently frivolous or false, or vague or conclusory or palpably incredible." Dory v. Comm'r of Corr., 865 F.2d 44, 45 (2d Cir. 1989) (internal quotation marks and citations omitted).

Petitioner includes several conclusory allegations that do not state a claim for relief. His

allusions to statements by government "rats" and his theory regarding "mkultra" and a "'cowboy program' in the BOP" (Amend. Pet. at 3) are vague and conclusory and were already dismissed as frivolous in Razzoli v. Executive Office of U.S. Marshals, No. 10-CV-4269, 2010 WL 5051083, at *3 n.3 (E.D.N.Y. Dec. 20, 2010). He alleges that he was denied the right to a military tribunal or a Franks hearing, but fails to plead any facts suggesting that he is entitled to either. See also Razzoli, 2010 WL 4622178, at *2. As stated, petitioner was previously instructed to "clearly state the relief sought and the grounds on which each allegation is based." (Docket Entry 2 in both actions.) Accordingly, each of these claims is dismissed.

To the extent that the amended petition alleges that petitioner was denied Catholic religious services (Amend. Pet. at 2), that claim is already the subject of his prior civil action that remains pending before this Court. Razzoli v. Executive Office of U.S. Marshals, No. 10-CV-4269, 2010 WL 5051083. As petitioner has another avenue to pursue the claim, it would be a waste of judicial resources to permit him to simultaneously pursue that same claim in a subsequent action. See, e.g., Curtis v. Citibank, N.A., 226 F.3d 133, 138 (2d Cir. 2000) ("[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.")

Petitioner also challenges his 75-day placement in the SHU as a "HUMAN RIGHTS VIOLATION." (Am. Pet. at 3.) Liberally construed, his claim may allege a due process violation that could establish the basis for a claim for habeas relief. This claim, alone, may proceed against respondent, Warden Duke Terrell.

Finally, petitioner's request that the Court recuse is denied. The Court has previously declined to recuse in another of petitioner's cases. See Razzoli v. U.S. Parole Comm'n, No. 10-

CV-1842 (CBA), 2010 WL 5027548, at *1 (E.D.N.Y. Dec. 2, 2010). Petitioner has presented no additional bases for the Court's recusal.

## CONCLUSION

For the reasons stated above, the petitioner's claims related to "mkultra" and a "'cowboy program' in the BOP" and his requests for a military tribunal and a Franks hearing raised in docket numbers 10-CV-4802 (CBA) and 10-CV-4902 (CBA) are dismissed with prejudice. Plaintiff's claims related to the free exercise of his religion are dismissed without prejudice to the ongoing litigation in Razzoli v. Executive Office of U.S. Marshals, No. 10-CV-4269. Plaintiff's remaining claim, his due process challenge to his confinement to the SHU, may proceed in Docket No. 10-CV-4802.

As the claims alleged in Docket No. 10-CV-4902 regarding petitioner's confinement to the SHU are encompassed by those raised in Docket No. 10-CV-4802 or have otherwise been dismissed, the Court consolidates Docket No. 10-CV-4902 with Docket No. 11-CV-4802.[2] Scalercio v. Mazzuca, Nos. 05-CV-01770(JS), 09-CV-1248 (JS)(WDW), 2009 WL 2413628, at *2 (E.D.N.Y. July 30, 2009) (consolidating duplicative case with outstanding habeas action); Colon v. Jones, 645 F.Supp. 150, 151 (S.D.N.Y. 1986) (consolidating duplicative habeas actions); see also Tribble v. Killian, 632 F. Supp. 2d 358, 362 (S.D.N.Y. 2009) (noting within discretion of court to dismiss duplicative habeas action). The Clerk of Court is therefore directed

---

[2] The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second. Kellen Co. v. Calphalon Corp., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal citations omitted); accord Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. See Adam, 950 F.2d at 92; First City Nat'l Bank & Trust Co., 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221.

to close Docket No. 10-CV-4902 and to direct any further filings in that case to Docket No. 10-CV-4802. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The United States Attorney, as attorney for the respondent, shall show cause before this Court why a writ of habeas corpus should not be issued in Docket No. 10-CV-4802, by the filing of a return to the petition. Within twenty (20) days of receipt of this Order, the United States Attorney shall serve a copy of the return upon the petitioner herein and file the original thereof, with proof of such service, with the Clerk of the Court. Petitioner, within twenty (20) days of the date of receipt of a copy of the return of the United States Attorney, shall file his reply, if any, with proof of service, with the Clerk of the Court. Service of a copy of this Order shall be made by the Clerk of the Court by forwarding a copy hereof, together with a copy of the petition, to the United States Attorney, and by mailing a copy of this Order to the petitioner.

SO ORDERED.

/S/
CAROL B. AMON
United States District Judge

Dated: Brooklyn, New York
June 30, 2011