UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KEVIN RAZZOLI,

                Petitioner,

- against -

FRANK STRADA,
Warden, Metropolitan Detention Center

                Respondent.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
10-cv-4802 (CBA)

AMON, Chief United States District Judge.

Petitioner Kevin Razzoli, formerly incarcerated at the Metropolitan Detention Center ("MDC"), brings the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a prison incident report and his subsequent assignment to the MDC's special housing unit ("SHU"). Petitioner has also filed a motion for a hearing. For the reasons set forth below, both the petition and motion for a hearing are denied.

## BACKGROUND

Petitioner was convicted of attempted murder and related charges following a Navy court martial and sentenced to a twenty-five year term of imprisonment in 1987. *See Razzoli v. U.S. Parole Comm'n*, No. 10-cv-1842 (CBA), 2010 WL 4622178, at *1 (E.D.N.Y. Nov. 5, 2010). He was subsequently transferred into the custody of the Federal Bureau of Prisons ("BOP"). Petitioner has been granted parole on several occasions but has repeatedly had his parole revoked. *Id.* Since 2001, petitioner has brought multiple civil actions in this and other district courts. *Id.* (summarizing Razzoli's litigation history). A recent search of the BOP inmate locator reveals that petitioner is no longer detained at the MDC, but rather is detained at the Federal Detention Center in Philadelphia, Pennsylvania.

1

In the instant action, Razzoli initially filed two petitions pursuant to § 2241 on October 18 and October 19, 2010, each under different docket numbers. The October 19 petition, previously docket number 10-cv-4902, has been consolidated with the October 18 petition under the instant docket number. In the original petitions, Razzoli alleged that government agents used false documents and prepared false reports, resulting in his SHU detention. Razzoli claimed that he was unable to cross-examine witnesses, view and present video surveillance tapes, or have access to adequate legal materials, and contends that these actions were taken in retaliation for his prior litigation activity. (Oct. 18 Pet. at 3-5; Oct. 19 Pet. at 3-4.) The original petitions further contended that as a result of Razzoli's SHU confinement, he was unable to have direct contact with family members or friends, was denied access to the law library, and was denied "disclosure to reliable ethical advice." (Oct. 18 Pet. at 7; Oct. 19 Pet. at 3.)

By Order dated December 20, 2010, the Court granted petitioner's request to proceed *in forma pauperis* and directed petitioner to submit an amended petition naming the MDC warden as respondent, providing more details about the proceedings he wished to challenge, and identifying any steps he took to exhaust the administrative remedies available through the Bureau of Prisons. Petitioner submitted an amended petition on January 13, 2011. (Am. Compl., D.E. # 3.) In response to the Court's order, the amended petition alleged that "wittinesses [sic] was [ never ] presented & ADMIN REMEDIES WAS EZHAUSTED" [sic] and "[sic] BOP NEVER RESPONDED TO BP10 nor BP 11 Challenge to such...." (Am. Pet. at 1.) The amended petition also added several new allegations, including allusions to statements by government "rats" and a theory, already dismissed by this Court as frivolous in a prior action, regarding "mkultra" and a "'cowboy program' in the BOP." *See Razzoli v. Exec. Office of U.S.*

*Marshals*, No. 10-cv-4269 (CBA), 2010 WL 5051083, at *3 n. 3 (E.D.N.Y. Dec. 2, 2010). The amended petition also requested that this Court recuse itself and included claims that Razzoli was denied the ability to attend Catholic religious services, that he was entitled to a military tribunal and to a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), and that his detention in the SHU was a "HUMAN RIGHTS VIOLATION." (Am. Pet. at 2-7.) By Order dated June 30, 2011, the Court dismissed all but the last claim as patently frivolous. (June 2011 Order, No. 10-cv-4902, D.E. # 3 (citing *Dory v. Comm'r of Corr.*, 865 F.2d 44, 45 (2d Cir. 1989)).) The Court liberally construed the last claim as asserting a due process violation related to Razzoli's SHU confinement commencing September 26, 2010 and ordered respondent to show cause why the petition should not issue. *Id.* On September 23, 2011, respondent submitted its opposition to Razzoli's § 2241 petition. On October 16, 2012, petitioner filed a motion for a hearing pursuant to *Franks* and *United States v. Fatico*, 603 F.2d 1053 (2d Cir. 1979).

## DISCUSSION

Title 28, Section 2241 permits habeas corpus review for federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A prisoner may use 28 U.S.C. § 2241 to challenge the manner in which his sentence is being executed, including his placement in restrictive housing. *See Levine v. Apker*, 455 F.3d 71, 78 (2d Cir. 2006) (matters challengeable under § 2241 include "prison disciplinary actions, prison transfers, type of detention and prison conditions"); *Geddes v. Lindsay*, No. 07-cv-5054 (NGG), 2008 WL 2620129, at *2 (E.D.N.Y. Jul. 1, 2008) ("Petitioner seeks to be transferred out of the SHU at the MDC. His motion is therefore a challenge to the manner in which his sentence is being executed, which should have been filed under section [2241]"); *United States v. Basciano*, 369 F. Supp. 2d 344, 348 (E.D.N.Y. 2005) ("The courts of this circuit consistently have held that

a habeas petition is the appropriate vehicle for prisoners challenging their placement in pretrial administrative detention and seeking release into general population.").

Before seeking habeas relief under § 2241, however, prisoners must exhaust any available administrative remedies, or else justify the failure to exhaust these remedies. *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). For federal inmates challenging the conditions of their confinement, the BOP has established the Administrative Remedy Program, which allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." *See* 28 C.F.R. §§ 542.10-19. Failure to exhaust administrative remedies results in procedural default, which bars judicial review except when "(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a party has raised a substantial constitutional question." *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (internal quotation marks omitted); *see also Bolling v. Terrell*, 10-cv-3594 (KAM), 2011 WL 705396, at *1 (E.D.N.Y. Feb. 15, 2011).

According to respondent's review of BOP records, Razzoli did not exhaust his administrative remedies before filing his § 2241 petition with this Court. (Bork Decl., D.E. # 11-1 ¶ 12-13, ex. D.) Aside from the conclusory assertions in Razzoli's amended petition that he exhausted his administrative remedies and that the BOP never responded to his complaints, Razzoli has not made any attempt to contest respondent's contrary determination, nor has he offered any explanation why his failure to exhaust should nevertheless be excused. Accordingly, because Razzoli is not excused from his duty to exhaust his administrative remedies, his procedural default bars judicial review by this Court. *See Carmona*, 243 F.3d at 634.

In any event, even if the Court were to excuse Razzoli's failure to exhaust, it would still dismiss the petition because his transfer to the Federal Detention Center in Philadelphia renders this action moot. A case is moot if it no longer presents a "case or controversy" within the meaning of Article III, § 2 of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). "[T]o satisfy the case-or-controversy requirement, a party must, at all stages of the litigation, have an actual injury which is likely to be redressed by a favorable judicial decision." *United States v. Mercurris*, 192 F.3d 290, 293 (2d Cir. 1999). A § 2241 challenge to conditions of confinement will be considered moot where the petitioner has been transferred to a different facility. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008); *Geddes*, 2008 WL 2620129, at * 3 (Section 2241 petition requesting transfer from SHU to MDC's general population was rendered moot when petitioner was transferred out of MDC). Razzoli's petition challenges the conditions of and circumstances surrounding his confinement in the SHU at MDC. As he is no longer detained at MDC, the petition is moot. As such, the request for a hearing is denied.

## CONCLUSION

For the above reasons, the Court denies Razzoli's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Clerk of Court is directed to enter judgment dismissing the petition and to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 6 , 2013

/S/ Chief Judge Carol B. Amon

Carol Bagley Amon
Chief United States District Judge